IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 20-428 |
| WILLIAM T. MCCANDLESS | : | |

**GOVERNMENT'S CHANGE OF PLEA MEMORANDUM**

The United States of America, by its attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, Michelle Rotella, Chief of the General Crimes and Child Exploitation Unit, and Timothy Stengel, Assistant United States Attorney for the District, respectfully submit this Change of Plea Memorandum in advance of the hearing, which is scheduled for May 27, 2022.

**I.      BACKGROUND**

On November 25, 2020, defendant William McCandless was indicted by a federal grand jury and charged in a three-count Indictment with possession of child pornography for importation into the United States, in violation of 18 U.S.C. § 2260(b), (c)(2) (Count One), transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1), (b)(1) (Count Two), and attempted access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2) (Count Three).  Trial is listed for June 10, 2022.

On May 27, 2022, the defendant is expected to plead guilty to Count Three of the Indictment, charging attempted access with intent to view child pornography.  The government and the defendant have entered into a guilty plea agreement pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(B), a copy of which is attached here as Exhibit A. As part of the plea agreement, the parties agreed to recommend to the Court the following sentence: a term of incarceration within the Guideline range of 30 to 37 months' imprisonment, and forfeiture of the electronic equipment seized, as outlined in the Notice of Forfeiture in the Indictment. No other agreement as to the terms of sentence was reached by the parties. Because this plea agreement is made pursuant to Rule 11(c)(1)(B), the plea agreement specifically provides that the recommended term of incarceration is not binding on the Court. The Government would move to dismiss Counts One and Two at the time of sentencing.

II.     **ELEMENTS OF THE OFFENSE**

**Attempted Access with Intent to View Child Pornography, 18 U.S.C. § 2252(a)(4)(B) (Count Three)**

In order to establish a violation of 18 U.S.C. § 2252(a)(4)(B), the government must prove the following essential elements beyond a reasonable doubt:

- First: That the defendant knowingly attempted to access with intent to view a visual depiction;

- Second: that the visual depiction was transported in interstate or foreign commerce;

- Third: that the production of the visual depiction involved the use of a (prepubescent) minor (under the age of 12) engaging in sexually explicit conduct, and portrays that minor engaged in that conduct; and

- Fourth: that the defendant knew the production of the visual depiction involved the use of a minor engaging in sexual explicit conduct, and portrayed a minor engaged in that conduct.

3 Modern Federal Jury Instructions – Criminal 62-12 (Matthew Bender, 2018).

III. **STATUTORY MAXIMUM SENTENCE**

The maximum sentence for attempted access with intent to view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), as charged in Count Three of the Indictment, is 10 years' imprisonment, a minimum 5-year term up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, and if found to be non-indigent, an additional mandatory $5,000 special assessment must be imposed pursuant to 18 U.S.C. § 3014. Restitution is mandatory, and forfeiture of all property involved in the offenses, and subject to administrative forfeiture, may also be ordered.

Additionally, as a result of his conviction the defendant is required, under the Sex Offender Registration and Notification Act (SORNA), to register and keep current his registration in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. This registration will also be a condition of any supervised release. The defendant also understands that independent of supervised release and the federal law requirements, he will be subject to state sex offender registration requirements, and that these federal law and state requirements may apply throughout his life.

IV. **FACTUAL BASIS FOR THE PLEA**

If this case were to proceed to trial, the government would introduce evidence to establish the following facts supporting Count Three of the Indictment:

Defendant William McCandless is a Catholic priest and member of the Oblates of St. Francis DeSales. From June 2010 to January 2017, he was assigned to the Parish of St. Charles

in Monaco. Over time, during his assignment at the Parish, McCandless became affiliated with the Princess Charlene of Monaco Foundation and served as a spiritual advisor to the Foundation and also to Princess Charlene. In 2017, McCandless left this assignment and returned to the United States on January 26, 2017.

Three months later, in April 2017, a volunteer at the Parish of St. Charles in Monaco was searching for photographs on the Parish computer server and discovered child pornography in a folder he believed belonged to McCandless. A copy of the folder was made and saved to an external hard drive, which was turned over to Monaco law enforcement. Law enforcement took possession of the external hard drive, and their forensic examination determined that the child pornography was saved to the Parish server as a result of an automatic "backup" when a Dell laptop was connected to the server. The last backup date was determined to be January 25, 2017, the day before defendant McCandless left Monaco and returned to the United States.

The review of the evidence on the external hard drive confirmed that there were thousands of images and videos of children engaged in sexually explicit conduct as defined by 18 U.S.C. § 2256. Comingled in subfolders within the main folder were personal identification documents belonging to the defendant, including his United States passport and Pennsylvania driver's license, his curriculum vitae and personal banking information.[1]

In July 2017, Monaco notified the United States government of its findings. At that time, McCandless resided at DeSales University in the Eastern District of Pennsylvania. On October 12, 2017, agents from the Department of Homeland Security ("HSI"), along with members of the Child Exploitation and Obscenity Section ("CEOS") executed a search warrant that authorized

---

1 The defendant does not admit the facts regarding the Monaco investigation as part of his guilty plea on Count Three of the indictment, but acknowledges that if witnesses had been called to testify at trial their testimony would include the information recited in this memorandum.

the search of McCandless' person, his office on the DeSales campus, and his DeSales residence in Willis Hall, which consisted of two rooms (208 and 209) connected by a bathroom.

As part of the search warrant, agents located a computer bag in Room 209 that contained a Dell laptop. A review of the Dell laptop revealed that the hard drive, memory, and the WNIC (wireless network interface controller) card were removed and the NIC (network interface controller) card had also been broken off. As a result there was no evidence remaining on the computer that could confirm or dispel its connection to the account that contained child pornography in Monaco. McCandless also denied to agents that the computer belonged to him. In addition to the Dell computer, agents also seized an HP laptop computer from McCandless' office, and an iPhone 7 cellular phone from his person.

The forensic review of the seized iPhone revealed that on multiple occasions in April of 2017, when he was back in the United States, McCandless had attempted to access child pornography through the web browser on his iPhone. The search terms used by the defendant evidenced his intent to obtain sexually explicit child images – almost every search was for images of boys. His searches included terms seeking diapered boys, toddlers, and included sexual fetishes such as spanking, wearing thongs, and licking feet. Significantly, many of the search sites housed images and videos with titles that included the ages of the boys in the titles – making it clear that the defendant sought out boys of all ages, including toddlers, pre-teens and teenagers.[2]

Some of the searches he conducted for child pornography brought him to website pages that contained images of child pornography on the initial page, including one image that

---

2 The specific search terms are known to the Government and to the defendant, as they were provided in discovery and the defendant also conducted his own computer forensic analysis. They are omitted from this public filing, however, as they would lead directly to child pornography material.

displayed a naked 2-year-old boy whose penis is visible and another image of a boy approximately 4 to 6 years old whose erect penis is the focus of the image, and who was being masturbated by an adult's hand. Most of these initial website pages were "teaser" pages that required a password to access the child pornography that lies behind them. The forensic exam confirmed that McCandless conducted searches for such passwords using his iPhone.[3]

The United States submits that these facts would prove the essential elements of the offense charged in Count Three of the indictment beyond a reasonable doubt.

## V.  CONCLUSION

The United States respectfully submits that this summary of evidence provides a factual basis for the defendant's guilty plea to attempted access with intent to view child pornography, in violation of 18 U.S.C. 2252(a)(4)(B), as charged in Count Three, and respectfully requests that the Court accept the defendant's plea of guilty pursuant to the parties' guilty plea agreement made pursuant to Rule 11(c)(1)(B).

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

*/s/ Michelle Rotella*
MICHELLE ROTELLA
TIMOTHY STENGEL
Assistant United States Attorneys

Dated:  May 26, 2022.

---

[3] Also recovered from the defendant's iPhone 7 were links to numerous "sex stories" - sexually explicit and extremely graphic stories involving the rape and sexual abuse of children as young as infants, including titles such as, "Using a boy cunt.rape," "Chocolate Boy Toy," and "Sam – his Dad – and the Babies." Though these stories did not include child pornography, and the had this matter proceeded to trial the Government would have moved to admit them pursuant to Fed.R.Evid. 404(b) as evidence of the defendant's motive, intent, knowledge, and/or absence of mistake or accident.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Change of Plea Memorandum to be served via email on the following:

Michael J. Diamondstein, Esquire
mjd@michaeldiamondstein.com

/s/ Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney

Dated: May 26, 2022